**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE:<br><br>**NAKIMBRA E. ALEXANDER,**<br><br>    **Debtor.** | **Case No. 25-11237-T**<br>**Chapter 7** |
| **NAKIMBRA E. ALEXANDER,**<br><br>    **Plaintiff,**<br>v.<br><br>**DENTAL DEPOT TULSA HILLS,**<br><br>    **Defendant.** | **Adv. No. 25-01024-T** |

Filed/Docketed
Apr 28, 2026

### MEMORANDUM OPINION

This matter comes before the Court pursuant to Plaintiff Nakimbra E. Alexander's ("Plaintiff") Complaint[1] alleging that Defendant Dental Depot Tulsa Hills ("Defendant") willfully violated the automatic stay. Plaintiff requests the Court award her actual as well as punitive damages. The Court held a trial on March 30, 2026, wherein evidence was taken, and argument was heard. The matter was taken under advisement and is now ripe for review. For the reasons stated below, the Court finds that Defendant willfully violated the automatic stay; however, the Court is unable to award Plaintiff damages. The following findings and conclusions are made pursuant to Federal Rule of Bankruptcy Procedure 7052.

---

[1] ECF No. 1.

## Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[2] Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). The granting or denial of relief from violation of the automatic stay is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

## Findings of Fact[3]

On August 22, 2025, Plaintiff, who is proceeding *pro se*, filed a voluntary petition under Chapter 7 of the Bankruptcy Code.[4] In her schedules, Plaintiff listed Defendant as holding a noncontingent, undisputed claim for $408.36.[5] On August 27, 2025, the Bankruptcy Noticing Center mailed the Certificate of Notice of Plaintiff's bankruptcy filing to Defendant at 710 W. 71st St., Tulsa, Oklahoma 74132.[6]

Despite having received notice of Plaintiff's pending bankruptcy case, Defendant sent Plaintiff three separate billing statements during the months of October, November, and December of 2025 while her bankruptcy case was still pending.[7] Each billing statement was followed by a letter[8] reminding Plaintiff of her unpaid account balance and advising her that the past due balance may be sent to a collection agency. On November 21, 2025, Plaintiff filed her Complaint claiming Defendant willfully violated the automatic stay and requesting the Court award her actual/emotional damages, costs and attorneys' fees, and punitive damages. In response, Defendant

---

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

[3] In addition to evidence admitted at the trial on March 30, 2026, the Court has taken judicial notice of the documents filed in this adversary proceeding and Plaintiff's bankruptcy case.

[4] Case No. 25-11237, at ECF No. 1.

[5] *Id.* at 28.

[6] Case No. 25-11237, at ECF No. 13.

[7] Plf's Ex. 1A, 2A, 3A.

[8] Plf's Ex. 1B, 2B, 3B.

filed a letter,[9] which the Court treated as a pleading,[10] appearing to acknowledge the bankruptcy filing and stating that Plaintiff no longer had an outstanding account balance.

Plaintiff was the only party to appear at the trial on March 30, 2026.[11] At the trial, Plaintiff described dealing with various stressors since filing her bankruptcy case. She also stated that while she spent "a little more than ten hours" dealing with the "Dental Depot situation" she did not sustain any financial damages as a result of the post-bankruptcy correspondence. Ultimately, Plaintiff presented no evidence that she sustained actual compensable damages, such as lost wages, travel expenses, or medical costs, due to the actions of which she now complains.

## Conclusions of Law

Plaintiff alleges Defendant contravened § 362(k) by willfully and intentionally violating the automatic stay imposed by § 362(a). She requests that the Court award her actual and punitive damages for said conduct. The Court finds sufficient evidence to conclude Defendant's actions constitute a willful violation under § 362(k). However, due in large part to a lack of supporting evidence, the Court is unable to award Plaintiff her requested damages.

### A. Violation of the Automatic Stay

According to § 362(a)(6), the filing of a voluntary petition for relief under the Bankruptcy Code automatically stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]" The scope of the automatic stay is broad

---

[9] ECF No. 6.

[10] The address on Defendant's letter was the same address used by the Bankruptcy Noticing Center to mail Defendant the Certificate of Notice. The Court notes that Defendant's letter was not signed by an attorney in compliance with Federal Rule of Bankruptcy Procedure 9011. ECF No. 10. However, on January 21, 2026, the Court entered an order stating that it would treat the letter as a pleading for purposes of this adversary proceeding, and ordering Defendant to appear by counsel in future appearances before the Court. ECF No. 11.

[11] The Court issued the Notice of Setting of Trial to Defendant at 710 W. 71st St., Tulsa, Oklahoma 74132 on February 20, 2026. ECF No. 19.

and operates "to protect the debtor and h[er] creditors by allowing the debtor to organize h[er] affairs, and by ensuring that the bankruptcy procedure may operate to provide an orderly resolution of all claims."[12] Section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." To recover damages for violation of the stay, the movant must "establish by a preponderance of the evidence that a violation occurred, the violation was committed willfully, and the violation caused actual damages."[13]

### B. "Willful Violation"

A "willful violation" under § 362(k) does not require specific intent; rather, a "willful violation" means "the creditor knew of the automatic stay and intended the actions that constituted the violation."[14] The controlling characteristic of the term "willful" is the "deliberateness of the conduct, coupled with knowledge of the filing."[15] However, even a violation committed by a defendant without knowledge of the stay may be considered "willful if the creditor fails to remedy the violation after receiving notice of the stay."[16] Moreover, notice of the stay "need not be formal or official to put a creditor on notice."[17] For instance, the proper mailing of a Certificate of Notice

---

[12] *Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987) (citing *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984)).

[13] *In re Christie*, 614 B.R. 726, 734 (Bankr. E.D. Okla. Feb. 13, 2020) (citing *Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1172 (10th Cir. 2007)); *see In re Escobedo*, 513 B.R. 605, 612 (Bankr. D.N.M. 2014) (citing *In re Kline*, 424 B.R. 516, 524 (Bankr. D.N.M. 2010)).

[14] *In re Christie*, 614 B.R. at 734; *In re Sutton*, 670 B.R. 355, 362 (Bankr. D. Colo. 2025) (citing *In re Gagliardi*, 290 B.R. 808, 818–19 (Bankr. D. Colo. 2003)).

[15] *In re Christie*, 614 B.R. at 734 (citing *In re Kline*, 472 B.R. 98, 103 (10th Cir. BAP 2012)).

[16] *Id.* (citing *Diviney v. NationsBank of Tex., N.A. (In re Diviney)*, 225 B.R. 762, 776 (10th Cir. BAP 1998)).

[17] *In re Escobedo*, 513 B.R. at 612 (quoting *Johnson*, 501 F.3d at 1172).

to a defendant's address, in and of itself, can create "a rebuttable presumption that the [notice] was received by the addressee in the ordinary course of mail."[18]

Here, the Certificate of Notice of Plaintiff's bankruptcy filing was mailed to Defendant at the address it uses for business correspondence on August 27, 2025.[19] As such, there is a presumption, which Defendant failed to rebut, that it received notice of Plaintiff's bankruptcy filing prior to the alleged stay violations. Thus, there is sufficient evidence to suggest that Defendant intended to mail the statements and letters to Plaintiff despite its knowledge of her pending Chapter 7 bankruptcy case. Therefore, the Court finds that Defendant's actions were willful violations of the automatic stay pursuant to § 362(k).

### C. Establishing Actual Damages

The language of § 362(k)(1) mandates that an individual injured by a violation of the stay receive compensation for actual damages.[20] However, the debtor must present evidence sufficient to allow the court to determine the amount of "actual damages with reasonable certainty."[21] For example, courts have awarded actual damages when presented with evidence of lost wages, travel costs, and attorneys' fees, among other fact-specific expenses resulting directly from the violation.[22]

---

[18] *Id.* (quoting *Reading Ventures, Ltd. v. United States*, 987 F. Supp. 1315, 1321 (D. Colo. 1997)).

[19] ECF No. 6; Case No. 25-11237, at ECF No. 13.

[20] *See In re GeneSys, Inc.*, 273 B.R. 290, 295 (Bankr. D.D.C. 2001) ("[The court] has no discretion to withhold an award of compensatory damages for violation of the automatic stay.").

[21] *In re Montoya*, 547 B.R. 439, 448 (Bankr. D.N.M. 2016) (quoting *In re Gagliardi*, 290 B.R. 808, 819 (Bankr. D. Colo. 2003)).

[22] *See In re Escobedo*, 513 B.R. at 613; *In re Alcon*, Case No. 24-10174, 2024 WL 3912257, at *5 (Bankr. D.N.M. Aug. 22, 2024).

Some courts have also included emotional damages within the meaning of actual damages under § 362(k).[23] Although the Tenth Circuit has yet to rule on the issue, the *In re Velasquez* court determined that a debtor must provide "'specific information' concerning the alleged emotional distress damages, and cannot rely only on 'generalized assertions.'"[24] As such, the debtor must offer something more than statements of general distress, and provide evidence which establishes a causal connection between the injury and the alleged conduct. Such evidence may consist of a plaintiff's own testimony sufficiently detailing the emotional distress experienced because of the stay violation, as well as medical records or medical bills.[25]

Although the Court is sympathetic to Plaintiff's plight and the additional strain she experienced due to Defendant's willful violation of the automatic stay, Plaintiff provided insufficient evidence of actual damages resulting from Defendant's actions. Defendant has ceased the behavior complained of by Plaintiff. Furthermore, Plaintiff provided no evidence, beyond her statements at trial, showing that she lost wages or experienced emotional distress due to Defendant's actions. Because Plaintiff is a *pro se* party, she is not entitled to attorneys' fees and costs.[26] Therefore, the Court finds Plaintiff has not shown by sufficient evidence that she is entitled to actual damages.

---

[23] *In re Velasquez*, No. 12-10670, 2015 WL 2215455, at *7–8 (Bankr. D.N.M. May 11, 2015) (citing *Snowden v. Check into Cash of Wash. Inc. (In re Snowden)*, 769 F.3d 651, 656–57 (9th Cir. 2014); *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1271 (11th Cir. 2014); *Fleet Mortg. Grp., Inc. v. Kaneb*, 196 F.3d 265, 269 (1st Cir. 1999)).

[24] *In re Valasquez*, 2015 WL 2215455, at *8; *see In re Fontaine*, 603 B.R. 94, 111–12 (Bankr. D.N.M. 2019) (finding that the debtor's testimony that she experienced emotional distress, depression, and anxiety due to violation of the automatic stay and sought herbal and massage treatment insufficient evidence to sustain an award of actual damages for emotional distress).

[25] *See In re Diviney*, 211 B.R. 951, 967 (Bankr. N.D. Okla. 1997).

[26] *See In re Alcon*, 2024 WL 3912257, at *5 ("Debtor was *pro se*, so attorneys' fees are avoided."); *Greer v. Moon*, Case No. 2:24-cv-00421, 2026 WL 881394, at *2 (D. Utah Mar. 31, 2026) ("Courts have generally held that pro se litigants may not recover attorney fees as a sanction."); *In re Moore*, 631 B.R. 764, 785 (Bankr. W.D. Wash. 2021) ("[T]he Ninth Circuit BAP

### D. Establishing Punitive Damages

In addition to actual damages, a debtor may recover punitive damages "in appropriate circumstances."[27] While courts have interpreted "appropriate circumstances" in various ways, "[t]he Tenth Circuit Bankruptcy Appellate Panel has expressly approved of two [interpretations]."[28] The first interpretation requires that the defendant have "acted with actual knowledge that he was violating a federally protected right or with reckless disregard of whether he was doing so."[29] The second interpretation consists of a four-factor test which requires that the court examine: "(1) the nature of the defendant's conduct; (2) the defendant's ability to pay; (3) the motives of the defendant; and (4) any provocation by the debtor."[30] Therefore, to impose punitive damages, courts generally must find that the defendant's behavior constituted something more than merely a willful violation.[31]

---

has said, 'Pro se litigants cannot recover attorney's fees as an item of actual damages in an action under § 362(k)'"); *In re Laskaratos*, 605 B.R. 282, 310 (Bankr. E.D.N.Y. 2019) ("[T]he case law confirms that the time spent and the burdens taken on by a self-represented litigant such as [the debtor] cannot, without more, be viewed as a compensable substitute for attorneys' fees and costs."); *Beckford v. Romano (In re Beckford)*, Case No.: 13-20749, 2018 WL 3956590, at *4 (Bankr. D. Conn. Aug. 15, 2018) ("[A] *pro se* litigant is not entitled to attorneys' fees for self-representation.").

[27] § 362(k)(1); *see In re Montoya*, 547 B.R. at 448 ("The [c]ourt may impose punitive damages arising from a willful violation of the automatic stay even if a debtor fails to prove actual damages.") (citing *In re Jean-Francois*, 532 B.R. 449, 457–58 (Bankr. E.D.N.Y. 2015)).

[28] *In re Escobedo*, 513 B.R. at 613.

[29] *In re Diviney*, 225 B.R. at 776.

[30] *Id.* at 777.

[31] *See In re Repine*, 536 F.3d 512, 521 (5th Cir. 2008) (finding the defendant's persistent collection efforts which resulted in the debtor's continued incarceration to be egregious behavior warranting the imposition of punitive damages); *In re Harrison*, 599 B.R. 173, 188 (Bankr. N.D. Fla. 2019) (finding the defendant's continued pursuit of foreclosure action which resulted in the debtor being denied access to property for more than ninety days to be egregious conduct); *In re Weathers*, 670 B.R. 20, 40 (Bankr. D.S.C. 2025) (determining that punitive damages were warranted because the defendant retained possession of the debtor's vehicle for six weeks).

Regardless of the interpretation applied here, there is nothing to indicate Defendant's actions constituted something more than a willful violation as defined by § 362(k)(1). Although ill advised, Defendant's actions did not rise to the level of egregious or malicious conduct. As such, the Court finds that it would be inappropriate to award punitive damages under these circumstances.

## Conclusion

The Court finds that Plaintiff is not entitled to actual or punitive damages. A separate judgment consistent with this Memorandum Opinion is entered concurrently herewith.

Dated this 28th of April, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY